IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRATLEY D. MCNEAL

    Petitioner,

v.                                          No. 14-1010

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DISMISSING § 2255 MOTION,
DENYING MOTION FOR COUNSEL,
DENYING A CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Before the Court is the amended *pro se* 28 U.S.C. § 2255 motion of Petitioner, Bratley D. McNeal to vacate, set aside, or correct his sentence (the "Petition"). (Docket Entry ("D.E.") 7.) Respondent, the United States of America, responded on July 16, 2016, asserting that the Petition was untimely and should be dismissed. (D.E. 12.) Although McNeal requested and was granted a motion for extension of time to reply to the Government's response (*see* D.E. 14), he did not do so. Following a review of the record, the Court agrees that the motion is untimely.[1]

---

[1] Petitioner's motion for appointment of counsel (D.E. 9) is DENIED. McNeal asserts that he cannot afford to secure counsel on his own, that he is not trained in the law, and that he has limited access to legal assistance at the prison. Those circumstances, which are typical of most prisoners, are not exceptional circumstances warranting appointment of counsel. *See, e.g., Harris v. Metro-Davidson Cty. Det. Facility*, No. 3:14-cv-01953, 2014 WL 5499086, at *3-4 (M.D. Tenn. Oct. 29, 2014) (where plaintiff asserted that case was complex, that he could not afford an attorney, and that he had "limited access to law books," circumstances did not warrant appointment of counsel because they were "typical to most prisoners"). In addition, the statute of limitations issue in this case, which is dispositive of the Petition, is not too complex for Petitioner. *See Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (a court should consider the complexity of the case in deciding whether to appoint counsel).

On January 20, 2009, McNeal was indicted in Case Number 1:09-cr-10004 on charges of being a felon in possession of a firearm, possession with the intent to distribute cocaine base, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C § 922(g), 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 924(c)(1)(2), respectively. (*United States v. McNeal*, No. 1:09-cr-010004-JDB-1 ("Cr. Case"), D.E. 1.) On March 30, 2010, he pleaded guilty as charged. (Cr. Case, D.E. 45.) The defendant received a total effective sentence of 120 months incarceration to be followed by a four-year term of supervised release. (Cr. Case, D.E. 51.) The Court sentenced Petitioner on July 19, 2010 (*id.*), and entered judgment that same day (Cr. Case, D.E. 52.)

McNeal filed an initial petition challenging his conviction on January 17, 2014, over three years after judgment was entered in his criminal case. (D.E. 1.) Upon direction from the Court, he filed an amended petition on the official form on June 20, 2014. (D.E. 7.) Therein, he contended that he received ineffective assistance of counsel, that he was actually innocent of the charge of possessing a firearm in relation to a drug trafficking offense, and that his Fifth and Sixth Amendment rights were violated. (*Id.* at PageID 56-59.) In a section labeled "Timeliness of Motion," McNeal acknowledged that his conviction had become final over one year before the Petition was filed, but he asserted that it was not time-barred based on "newly discovered evidence of ineffectiveness of counsel." (*Id.* at PageID 64.) The purportedly new evidence is the disbarment of his attorney, Javier M. Bailey, by the Tennessee Supreme Court in 2012. (*Id.*)

Although Petitioner asserted that he was including a memorandum and affidavit with the amended motion, (*id.*), he failed to do so. However, he did submit a supporting affidavit when

he filed his initial motion (D.E. 1-1), along with an exhibit detailing his attorney's disbarment (D.E. 1-2), which the Court has reviewed.

In response, the United States asserts that McNeal has not "come forward with any colorable evidence . . . that the running of the § 2255 limitations period commenced later than the date on which his conviction became final." (D.E. 12 at PageID 84.) Alternatively, Respondent argues that the Petition is substantively without merit. (*Id.* at PageID 87-90.)

Section 2255(a) provides that

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The statute does not "encompass all claimed errors in conviction and sentencing." *United States v. Addonizio,* 442 U.S. 178, 185 (1979); *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). Rather, a petitioner must allege "'(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir.) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)), *cert. denied.* 135 S. Ct. 2914 (2015).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction became final. 28 U.S.C. § 2244, *et seq.* Subsection (f) of § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a defendant does not take a direct appeal, his conviction becomes final when the time for filing an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *see also* Fed. R. App. P. 4(b)(1)(A).

In this case, the judgment was entered on July 19, 2010, and McNeal did not appeal. His conviction therefore became final fourteen days later, on August 2, 2010, the last day for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). The § 2255 limitations period began to run at that time and expired one year later, on August 2, 2011. Consequently, the Petition, signed on January 10, 2014, is untimely by nearly two and one-half years.

As noted above, the inmate insists that the Petition is timely because his attorney's disbarment in 2012 is "newly discovered" evidence. (D.E. 7 at PageID 64.) The Court construes the assertion as an argument that the statute of limitations for his collateral challenge should have commenced, not on the date his convictions became final, *see* 28 U.S.C. § 2255(f)(1), but on "the

4

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4).

The argument is without merit. The Petitioner has not shown, or even explained, how Bailey's disbarment in 2012 relates to the alleged ineffective assistance in his criminal case in 2009 and 2010, or to his remaining § 2255 claims. Moreover, even if the limitations period did not commence until the April 26, 2012, disbarment, the Petition would still be late: the inmate filed the Petition on January 10, 2014, which was one year and 260 days after his attorney was disbarred.

Finally, Petitioner's claim that he is actually innocent of one of the crimes of conviction does not save the Petition from dismissal. A credible showing of actual innocence will allow a petitioner to "overcome" the statute of limitations, rather than provide him an excuse for the late filing. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1934 (2013). "Actual innocence" for that purpose is not a constitutional claim but, rather, "a gateway through which a petitioner may pass" to secure judicial review of the merits of his habeas claim. *Id.* at 1928. A petitioner asserting a gateway claim must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Credible actual-innocence gateway claims are "rare." *Id.*

Here, McNeal asserts that he is actually innocent of "18 U.S.C. 924(c) . . . [because] he was not in possession of a firearm in relation to a drug trafficking offense." (D.E. 7 at PageID 57.) The allegation is conclusory, and the inmate has not submitted or described any new

5

evidence to support it, as *McQuiggin* requires.² He has therefore failed to establish a gateway claim of actual innocence to overcome his late filing of the Petition.

The time-barred Petition is DISMISSED with prejudice.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition as untimely. Because any appeal by McNeal does not deserve attention, the Court DENIES a COA.

---

²In fact, the defendant pleaded guilty to the charges and explicitly admitted his guilt in the plea agreement. (*See* Cr. Case, D.E. 46 at PageID 39.) The probation officer also reported that "Mr. McNeal had admitted his involvement in the instant offense to the government and the Court and entered a guilty plea, pursuant to a written plea agreement. It appears that he has accepted responsibility for his actions and would qualify for the two-level reduction provided by § 3E1.1(a)." (Cr. Case, Presentence Report at ¶ 15.)

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, the rule also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 23rd day of June 2017.

                s/ J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.